**ROGUT McCARTHY LLC**
Richard C. Wischusen (Attorney ID# 039071986)
37 Alden Street
Cranford, New Jersey 07016
(908) 931-1150
Email: rcw@rogutmccarthy.com
Attorneys for Defendant,
General Nutrition Corporation

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

### DOCUMENT ELECTRONICALLY FILED

| | |
|---|---|
| SANTOS ANDUJAR, <br><br> Plaintiff, <br><br> vs. <br><br> GENERAL NUTRITION CORPORATION <br><br> Defendant. | **Civil Action No.** <br><br><br><br><br> **DEFENDANT'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332(d), 1441, and 1446, Defendant General Nutrition Corporation ("GNC"), by and through their undersigned counsel, Rogut McCarthy LLC, hereby remove the above-captioned action from the Superior Court of New Jersey, Cumberland County, to the United States District Court for the District of New Jersey on the following basis:

1.  On November 19, 2014, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. CUM-L-925-14, entitled *Santos Andujar v. General Nutrition Corporation* (A copy of the Complaint is attached hereto as Exhibit A).

2.  GNC was served with a copy of the Complaint on November 21, 2014.

3. Pursuant to 28 U.S.C. §1446(a), GNC has attached all pleadings filed of record in the state court proceedings to this Notice of Removal. The only pleading filed of record is the Complaint, which is attached hereto as Exhibit A.

4. Plaintiff asserts claims against GNC for Wrongful Termination in violation of the New Jersey Law Against Discrimination. *See* Exhibit A.

5. This Notice of Removal is timely filed. Under 28 U.S.C. §1446(b), the Notice of Removal may be filed within thirty days of the receipt of the initial pleading setting forth the claim. Specifically, 28 U.S.C. §1446(b), provides that the Notice of Removal is to be filed within thirty days of receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" Removal is timely because GNC was served with the Complaint on November 21, 2014, less than thirty days before the date of this Notice of Removal.

6. This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) because diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. Venue lies in this Court because Plaintiff's action is pending in Cumberland County, which is within this District. *See* 28 U.S.C. §1391(a).

8. Plaintiff alleges that he is a citizen of New Jersey. *See* Complaint at ¶ 1.

9. GNC is a corporation under the laws of the State of Pennsylvania. GNC's principal place of business is located in Pittsburg, Pennsylvania. For purposes of diversity jurisdiction, GNC is a citizen of Pennsylvania. *See* 28 U.S.C. §1332(c)(1).

10. The amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

11. The Third Circuit has noted that in removal cases, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). The Court may consider information contained in the notice of removal when deciding whether the amount in controversy requirement is satisfied. *Id.*

12. Plaintiff's complaint does not contain any reference to the amount of damages sought by Plaintiff.

13. A removing defendant is not required to prove to a legal certainty that the plaintiff can recover $75,000. Rather, removal is proper unless it is a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. *Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007).

14. In the complaint, Plaintiff alleges that his employment with GNC was terminated in March, 2014. *See* Complaint at ¶¶ 32-36.

15. With respect to the termination of his employment, Plaintiff seeks compensation and reinstatement.

16. At the time of his termination, Plaintiff's salary with bonuses was $27,904.64. Plaintiff was entitled to overtime pay and additional compensation in the form of "promotional money."

17. Punitive damages and attorney fees that are potentially recoverable under the applicable state statutes should be considered when determining whether the $75,000 amount-in-controversy threshold is met. *See Golden v. Golden*, 382 F.3d 348, 355-56 (3d Cir. 2004), *overruled in part on other grounds by Marshall v. Marshall*, 547 U.S. 293, 310-11 (2006); *Suber v. Chrysler Corp.*, 104 F3d 578, 585 (3d Cir. 1997).

18. Given Plaintiff's claims for compensatory damages and attorneys' fees, the $75,000 amount in controversy threshold, is satisfied in this case.

19. In accordance with 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Law Division – Cumberland County, and served upon all parties of record promptly after filing of this Notice of Removal. A copy of the Notice of Removal to the Superior Court of New Jersey is attached hereto as Exhibit B.

20. By filing this Notice of Removal, Defendant does not waive any defenses.

WHEREFORE, Defendant General Nutrition Corporation, respectfully requests that this Honorable Court remove the above-captioned action pending in the Superior Court of New Jersey, Cumberland County to the United States District Court for the District of New Jersey.

Respectfully submitted,

Date: December 10, 2014

Richard C. Wischusen
Rogut McCarthy LLC
37 Alden Street
Cranford, New Jersey 07016
(908) 931-1150

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served upon the following counsel of record via overnight delivery Federal Express, this 10th day of December 2014.

> Richard M. Pescatore, P.C.
> 1055 East Landis Avenue
> Vineland, New Jersey 08360

Richard C. Wischusen
Rogut McCarthy LLC
37 Alden Street
Cranford, New Jersey 07016
(908) 931-1150