```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

| | |
|---|---|
| SANTOS ANDUJAR,<br><br>    Plaintiff,<br><br>         v.<br><br>GENERAL NUTRITION CORPORATION,<br><br>    Defendant. | Civil No. 14-cv-7696 (RMB/JS<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon its own motion.  On December 10, 2014, Defendant, General Nutrition Corporation, (the "Defendant") removed this action to this Court, relying upon diversity of citizenship to establish federal subject-matter jurisdiction.  According to the underlying complaint, Plaintiff, Santos Andujar, avers that he was terminated in March of 2014 from his position with Defendant's store in Vineland, New Jersey.  (Compl. ¶ 3.)  As a result of his termination, Plaintiff contends that he "sustained significant emotional distress [and] economic damages."  (Id. at ¶6.)  In the Complaint, he demands judgment against the Defendant "sufficient to compensate him for his losses, together with reinstatement, costs of suit, attorney's fees, and such other relief as is deemed equitable and just."  (Id. at ¶6.)  Plaintiff does not

1

state a damages amount sought in his Complaint.

The Notice of Removal filed by Defendant summarily alleges that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.  Defendant seeks to support removal by stating that "Plaintiff's salary with bonuses was $27,904.64" and that "Plaintiff was entitled to overtime pay and additional compensation in the form of 'promotional money.'"  (Notice of Removal ¶16).  In addition, Defendant states that "[p]unitive damages and attorney fees that are potentially recoverable under the applicable state statutes should be considered with determining whether the $75,000 amount-in-controversy threshold is met."  (Id. at ¶17.)  Per the plain terms of the underlying Complaint, however, Plaintiff does not demand an award of punitive damages.

It is well-settled that a removing defendant carries the burden of establishing the requisite amount in controversy. Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  The Third Circuit has cautioned that § 1441 must be strictly construed against removal "so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Bassett v. KIA Motors America, Inc., 357

2

F.3d 392, 396 (3d Cir. 2004) (internal citations omitted). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); see also Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Abels).  Thus, a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden.  Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006) ("[M]ere speculation that a claim will exceed the jurisdictional amount is not enough to confer jurisdiction."); Valerio v. Mustabasic, Civ. No. 07-534, 2007 WL 2769636, *4 (D.N.J. Sept. 21, 2007). In other words, "if this Court has to guess" at whether the jurisdictional threshold has been met, then the "defendant has not proved its point." Valerio, 2007 WL 2769636 at *4 (internal citations omitted).

Here, the fact that Plaintiff has not stated a damages

3

amount in his Complaint, the lack of demand for punitive damages and the fact that this is an employment matter where Plaintiff's annual salary was approximately $28,000 fails to demonstrate the requisite amount in controversy.

    ACCORDINGLY, IT IS on this, the **12th** day of **December 2014**, hereby **ORDERED** that Defendant shall show cause on or before **December 23, 2014** why this matter should not be **REMANDED** to the Superior Court of New Jersey, Cumberland County for lack of subject matter jurisdiction.

                                      s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE